## MICHELE BISHOP *v.* MICHAEL FREITAS
### (AC 23583)

Schaller, Dranginis and DiPentima, Js.

Submitted on briefs November 21, 2003—officially released January 6, 2004

*Steven H. St. Clair* filed a brief for the appellant (plaintiff).

*Opinion*

PER CURIAM. In this paternity action, the plaintiff mother, Michele Bishop, appeals from the trial court's findings and order concerning her motion to modify child support. We dismiss the appeal sua sponte for lack of a final judgment.

The following facts are relevant to the plaintiff's appeal. The plaintiff and the defendant, Michael Freitas, are the parents of a child born on May 4, 1994. In early 1997, the plaintiff commenced an action to adjudicate paternity, custody and child support. The court rendered judgment shortly thereafter pursuant to the stipulation of the parties. On January 30, 2001, the plaintiff filed a motion to open the judgment to modify child support. Although we can find no order in the record that the court granted the plaintiff's motion to open the judgment, the court ordered discovery and held a hearing with respect to the modification of child support. The court rendered its findings in that regard and ordered the parties to submit calculations for child support for the calendar years 2000 and 2001 on the basis of its finding. On appeal, the plaintiff claims that the court improperly calculated the defendant's gross income pursuant to his subchapter S tax return for the purposes of determining child support.

Appellate jurisdiction is limited to appeals from judgments that are final. *Solomon* v. *Keiser*, 212 Conn. 741, 745, 562 A.2d 524 (1989). Although the court made findings with respect to child support, it has not opened

the judgment and rendered an order concerning the amount of support the defendant shall pay. The plaintiff's appeal therefore is from an interlocutory order determining the defendant's income to be used to calculate child support. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). The court's order determining the defendant's income does not meet either prong of *Curcio*; in fact, the court anticipated further proceedings by ordering the parties to submit to it child support calculations for the years 2000 and 2001. The appeal has not been taken from a final judgment.

The appeal is dismissed.